628 A.2d 485

**COMMONWEALTH of Pennsylvania ex rel. William T. NICHOLAS, individually and on behalf of the Judges of the Thirty–Eighth Judicial District of the Commonwealth of Pennsylvania, the Court of Common Pleas of Montgomery County, and its agent and representative, Montgomery County, Petitioners,**

**v.**

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1993.

Decided June 29, 1993.

---

William A. Whiteside, Jr., for petitioners.

No Appearance for respondents.

William T. Josem, for intervenor.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH, and FRIEDMAN, JJ.

COLINS, Judge.

The Honorable William T. Nicholas, individually and on behalf of the judges of the Court of Common Pleas of Montgomery County, and Montgomery County (collectively, the County) have filed a petition for review in the nature of a complaint in equity, quo warranto, prohibition and for declaratory relief, in this Court's original jurisdiction. Presently before this Court are preliminary objections filed by respondent, the Pennsylvania Labor Relations Board (Board) and by the intervenor, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 384 (Teamsters).

The petition for review alleges that on or about April 16, 1992, the Teamsters filed a petition for representation with the Board, seeking to be certified as the collective bargaining representative for professional, court-appointed employees of the Court of Common Pleas of Montgomery County (Common Pleas). After a hearing conducted by one of its hearing examiners, the Board, on September 18, 1992, issued its order directing submission of eligibility list, which order directed the County to furnish to the Board, within ten days, a list of the names and addresses of the employees in the collective bargaining unit described as follows:

> [A]ll full-time and regular part-time professional employes who are directly involved with and necessary to the functioning of the court, and who are hired, fired, and directed by the court, including but not limited to assistant supervisors, juvenile probation officer I, juvenile probation officer II, adult probation officer I, adult probation/parole department investigators, and domestic relations hearing officers; and excluding management level employes, supervisors, first level supervisors, confidential employes and guards as defined in the Act.[1]

The Board's order also directed that any exception to it "may be filed to the Order of the Board's Representative to be

1. The Act is the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

issued pursuant to 34 Pa.Code Section 95.96(b)." [2]

The petition for review contains two counts. Count I alleges that application of the Act to Common Pleas' professional, court-appointed employes violates the doctrine of the separation of powers. According to the petition for review, collective bargaining with regard to professional, court-appointed employes "would impermissibly taint the appearance of impartiality when persons with union and/or management affiliation come before the courts." Additionally, "[t]he inclusion of a third party such as a union or the [Board], as a conduit of information between judges and their appointed staff, will hinder the efficient administration of justice and is incompatible with a unified judiciary as embodied in the Pennsylvania Constitution." Finally, the bargaining unit certified by the Board "impermissibly impinges upon the independent judiciary." Count II of the petition for review alleges that the Board's actions in this matter are null and void, because the Board ceased to exist on June 30, 1984, pursuant to *Blackwell v. State Ethics Commission*, 523 Pa. 347, 567 A.2d 630 (1989) (*Blackwell II*). The petition for review seeks a writ of prohibition and/or an injunction staying the proceedings before the Board; a declaratory judgment that application of the Act to Common Pleas' professional, court-appointed employes violates the Pennsylvania Constitution; a writ of quo warranto declaring that the Board is without authority to act; and an order vacating the Board's September 18, 1992 order.

Virtually identical sets of preliminary objections have been filed by the Board and by the Teamsters (collectively, Objectors). Objectors demur to count I of the petition for review, alleging that case law has established that there is no violation of the separation of powers doctrine. Objectors demur to count II of the petition for review, alleging that the decision in *Blackwell II* does not apply to the Board because of *Blackwell v. State Ethics Commission*, 527 Pa. 172, 589 A.2d 1094 (1991) (*Blackwell V*) and because of *West Shore School District v.*

**2.** The Board's order denied the County's motion to dismiss the petition for representation, which motion essentially alleged what is now alleged in the County's petition for review.

*Pennsylvania Labor Relations Board,* 131 Pa. Commonwealth Ct. 476, 570 A.2d 1354 (1990).[3]  Objectors demur to the petition for review, alleging that the County has failed to exhaust its administrative remedies.

> Initially, we note that a preliminary objection in the nature of a demurrer admits as true every fact which is well pled and all inferences reasonably deducible therefrom....
> In ruling on a preliminary objection in the nature of a demurrer, the court's role is to determine whether the facts pled are legally sufficient to permit the action to continue....  In order to sustain such a preliminary objection, it must appear with certainty upon the facts pled that the law will not permit recovery....  Where any doubt exists as to whether the preliminary objection should be sustained, that doubt should be resolved by a refusal to sustain it.

*Norbert v. Commonwealth,* 148 Pa.Commonwealth Ct. 505, 509–10, 611 A.2d 1353, 1355 (1992) (citations omitted).

■ We sustain Objectors' demurrer to count I of the petition for review, because we agree that case law has established that there is no violation of the separation of powers doctrine.  In *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978) (*Bradley* ), the Pennsylvania Supreme Court determined that the Act is constitutional when applied to the courts.  The Supreme Court stated that "so long as judges retain authority to select, discharge, and supervise court personnel, the independence of the judiciary remains unimpaired." *Id.* at 447, 388 A.2d at 739.  Additionally, the Supreme Court stated that "should collective bargaining impair the independence of the judicial function, nothing in [the Act] nor our decision in *Ellenbogen [v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978) ] prohibits courts from taking reasonable, appropriate measures to maintain their independence." *Bradley,* 479 Pa. at 447, 388 A.2d at 739–40.  In both *Ellenbogen* and *Pennsylvania Labor Relations Board v. American Federation of State, County and Municipal Employees, District Council 84, AFL–CIO,* 515 Pa. 23, 526 A.2d 769 (1987) (*AFSCME*), the

3. *Affirmed,* —— Pa. ——, 626 A.2d 1131 (1993).

Pennsylvania Supreme Court has addressed issues arising from the application of the Act to court-appointed employees, thereby affirming the constitutionality of the Act's application to those employees. In *Ellenbogen,* a case involving, among other employees, the juvenile and adult probation officers of Allegheny County, the Supreme Court concluded that Section 1620 of The County Code, Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1620, providing that county commissioners in counties of the third through eighth classes are the exclusive representatives in collective bargaining negotiations involving court employees paid from county funds, is constitutional. The Supreme Court also extended that principle of exclusive representation to those counties not governed by The County Code. In *AFSCME,* the Supreme Court concluded that the county commissioners of Allegheny County committed an unfair labor practice when they refused to bargain with the court-appointed employees' representative over certain terms and conditions of employment.

■ We sustain Objectors' demurrer to count II of the petition for review, because the Board has not ceased to exist. The Pennsylvania Supreme Court, in *West Shore School District v. Pennsylvania Labor Relations Board,* — Pa. —, 626 A.2d 1131 (1993), concluded that the Sunset Act is invalid, and, therefore, any limitation on the Board's existence pursuant to that act is void. In *Blackwell II,* the Supreme Court concluded that Section 4(4) of the Sunset Act, Act of December 22, 1981, P.L. 508, *as amended,* 71 P.S. § 1795.4(4), is unconstitutional, and in *West Shore,* the Supreme Court determined that Section 7(b) of the Sunset Act, 71 P.S. § 1795.7(b), is unconstitutional. Noting that the Sunset Act contains no severability clause, the court relied on Section 1925 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1925, when it determined that the Sunset Act's intended purpose is thwarted without the benefit of Sections 4(4) and 7(b), 71 P.S. §§ 1795.4(4) and 1795.7(b). The Supreme Court, therefore, concluded that the Sunset Act is invalid and that any limitation on the Board's existence pursuant to that act is void.

■ We sustain Objectors' demurrer to the petition for review alleging that the County has failed to exhaust its administrative remedies. The Board's order provides that exceptions to it can be filed pursuant to 34 Pa.Code § 95.96(b), which provides that exceptions can be filed, after an election has been held, to the Board representative's order certifying the results of the election. We note also that 34 Pa.Code § 95.91(k)(2) provides that prior to an election, an order or decision of the Board's representative, which decision or order adopts, rejects, or modifies a hearing examiner's recommendation, is subject to the filing of a request for review with the Board. The petition for review is devoid of any allegation that the County has availed itself of either of these administrative procedures. These procedures provide the County with a means by which it could raise the issues contained in the petition for review before the Board, both before the election and, if necessary, after the election. The administrative remedies are adequate and must be pursued. We note that this is not a matter involving a frontal attack on the constitutionality of an enabling act wherein the courts of this Commonwealth have exercised jurisdiction, as in *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 328 A.2d 819 (1974). Neither is the attack on the Act such that we should prematurely interrupt the administrative process, as in *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982).

Accordingly, the preliminary objections of the Board and of the Teamsters are sustained, and the petition for review is dismissed.

## ORDER

**AND NOW**, this 29th day of June, 1993, the preliminary objections of the Board and of the Teamsters are sustained, and the petition for review is dismissed.