681 A.2d 157

COMMONWEALTH of Pennsylvania ex rel.  William T. NICH-
OLAS, individually and on behalf of the Judges of the Thirty–
Eighth Judicial District of the Commonwealth of Pennsylva-
nia, The Court of Common Pleas of Montgomery County, and
its agent and representative, Montgomery County, Appellants

v.

PENNSYLVANIA LABOR RELATIONS BOARD, Appellee,

and

Teamsters Local 384, Intervenor.

Supreme Court of Pennsylvania.

Argued Oct. 17, 1994.

Decided July 29, 1996.

Thomas E. Walters, William A. Whiteside, Jr., Ira Silverstein, Philadelphia, for W.T. Nicholas.

John B. Neurohr, Harrisburg, for Pa. Labor Rel. Bd.

William T. Josem, Philadelphia, for Teamsters Local 384.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

NIX, Chief Justice.

The Honorable William T. Nicholas, individually and on behalf of the Court of Common Pleas of Montgomery County, and Montgomery County (collectively, "the County"), appeals from the order of the Commonwealth Court which sustained the preliminary objections filed by the Pennsylvania Labor Relations Board ("the Board"), and the Intervenor, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 384 ("the Teamsters"), and dismissed the County's petition for review in the nature of a complaint in equity, quo warranto, prohibition and for declaratory relief. Because we find that the Commonwealth Court erred in granting the preliminary objections and dismissing the petition for review, we reverse and remand to the Commonwealth Court.

In April 1992, the Teamsters filed a petition for representation with the Board seeking to be certified as the collective bargaining representative for professional court-appointed employees in the Thirty–Eighth Judicial District. The Board issued an order and notice of hearing on the Teamsters' petition. At the hearing before the Board's hearing examiner, the County filed a motion to dismiss arguing, *inter alia,* that the exercise of the Board's authority in this instance is violative of the Pennsylvania Constitution and Pennsylvania law. The hearing examiner entered an order denying the County's motion to dismiss, identifying a bargaining unit, and requiring submission of a list of eligible employees in the bargaining unit. *In the Matter of the Employes of Montgomery County,* No. PERA–R–92–215–E (PLRB Sept. 18, 1992). The hearing

examiner's order concluded that the bargaining unit of professional court-appointed employees included in pertinent part:

all full-time and regular part-time professional employes who are directly involved with and necessary to the functioning of the court, and who are hired, fired, and directed by the court, including but not limited to assistant supervisors, juvenile probation officer I, juvenile probation officer II, adult probation officer I, adult probation/parole department investigators, and domestic relations hearing officers....

*Id.* at 8.

Subsequently, the County filed in the Commonwealth Court a petition for review in the nature of a complaint in equity, quo warranto, prohibition, and for declaratory relief. The County asserted that the Board's order was invalid because the implementation of the Public Employe Relations Act [1] ("Act 195") in this instance is violative of the separation of powers doctrine as embodied in the Pennsylvania Constitution and Pennsylvania law. It argued that the quasi-judicial nature of the bargaining unit members posed particular and unique problems.[2]

The Board and the Teamsters each filed preliminary objections to the County's petition for review. They each alleged that the separation of powers doctrine had not been violated and that the County failed to exhaust its administrative remedies.

The Commonwealth Court sustained the preliminary objections and dismissed the County's petition for review. *Com-*

---

**1.** Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

**2.** The County also argued that the Board had no legal authority because it had ceased to exist pursuant to the Pennsylvania Sunset Act, Act of December 22, 1981, P.L. 508, *as amended,* 71 Pa.C.S. §§ 1795.1–1795.14 ("the Sunset Act"). The Board and the Teamsters each argued that the Board did not cease to exist. Subsequently, this Court decided *West Shore School District v. Pennsylvania Labor Relations Bd.,* 534 Pa. 164, 626 A.2d 1131 (1993), wherein we held that the Sunset Act was invalid and that any limitation on the Board's existence pursuant to that act was void. As a result of our decision in *West Shore,* the County has not raised this argument on appeal to this Court.

*monwealth ex rel. Nicholas v. Pennsylvania Labor Relations Bd.,* 156 Pa.Commw. 498, 628 A.2d 485 (1993). It found that case law had established that there is no violation of the separation of powers doctrine with regard to these public employees. *Id.* at 502, 628 A.2d at 487. Additionally, the Commonwealth Court found that the County had failed to exhaust its administrative remedies because "[t]he Board's order provides that ... [,] pursuant to 34 Pa.Code § 95.96(b) [,] exceptions can be filed, after an election has been held, to the Board representative's order certifying the results of the election." *Id.* at 504, 628 A.2d at 488. It also noted "that 34 Pa.Code § 95.91(k)(2) provides that prior to an election an order or decision of the Board's representative, which decision or order adopts, rejects, or modifies a hearing examiner's recommendation, is subject to the filing of a request for review with the Board." *Id.* Thus, it found that there were adequate administrative remedies which had to be pursued. *Id.* This appeal followed.

In ruling on whether preliminary objections were properly sustained, we must determine whether it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief. *Firing v. Kephart,* 466 Pa. 560, 563, 353 A.2d 833, 835 (1976). In so doing, we must consider as true all of the well-pleaded material facts set forth in the County's petition and all reasonable inferences drawn from those facts. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992).

The County argues that the Commonwealth Court erred in sustaining the preliminary objections in the nature of demurrers and dismissing its petition. It submits that Act 195 as applied to appointive judicial officers who perform quasi-judicial functions violates the separation of powers doctrine and is therefore unconstitutional in this instance. The County asserts that the separation of powers doctrine requires a case-by-case analysis of the application of Act 195 to court employees. It also contends that the proposed bargaining unit is composed of quasi-judicial officers whose independence

and impartiality would be tainted by the election process or collective bargaining.

The Board and the Teamsters maintain that the Commonwealth Court properly sustained the preliminary objections and dismissed the County's petition. They submit that the constitutionality of the application of Act 195 to court-appointed employees has been upheld by this Court. Thus, they argue that the County has failed to state a claim upon which relief could be granted. We disagree.

In reaching the decision to sustain the preliminary objections in the nature of demurrers, the Commonwealth Court determined that because this Court has addressed issues arising from the application of Act 195 to court-appointed employees, by implication we affirmed the constitutionality of the Act's application to those employees. *Commonwealth ex rel. Nicholas v. Pennsylvania Labor Relations Bd.*, 156 Pa. Commw. 498, 502–03, 628 A.2d 485, 487 (1993). However, the Commonwealth Court has misinterpreted our decisions.

In *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 388 A.2d 730 (1978), this Court considered a challenge to the county's authority to be the managerial representative for court employees under Act 195. We held that the "Allegheny County Commissioners [were] the exclusive representative of management in representation proceedings and collective bargaining under Act 195 involving court employees paid from county funds." *Id.* at 438, 388 A.2d at 735. We stated that this authority does not lessen the court's right to hire, discharge, and supervise employees. *Id.* We acknowledged that the orderly administration of Act 195 did not interfere with judicial authority over court personnel, an essential element of the judicial function. *Id.* at 437, 388 A.2d at 734. However, this Court explicitly noted that we were not asked to rule upon the issue of the constitutionality of Act 195 as applied to the court-appointed employees in *Ellenbogen*.[3] *Id.* at 432 n. 6, 388 A.2d

---

**3.** The court-appointed employees in *Ellenbogen* encompassed "employees in any division or part of the Court of Common Pleas of Allegheny County, including employees of the Allegheny County Bail Agency, *Juvenile and Adult Probation Offices,* Behavior Clinic, Minor Judiciary,

at 732 n. 6.[4]

In *Commonwealth ex rel. Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 388 A.2d 736 (1978), we addressed whether court reporters of Philadelphia were public employes under Act 195 and, if so, whether Act 195 unconstitutionally interferes with the judiciary. We determined "*only* that the Legislature intended Act 195 to apply to court reporters of Philadelphia and, *on the present record,* such application is constitutional." *Id.* at 448, 388 A.2d at 740 (emphasis added). Clearly, our holding in *Bradley* was limited to the facts presented in that case. We did not address whether Act 195 was constitutional as applied to all court-appointed employees.

The import of our decision in *Bradley* is that there must be an individualized analysis of whether bargaining by the proposed unit would impact upon the court's ability to hire, discharge, and supervise employees. In the instant matter, the County challenges the application of Act 195 to a particular and narrow group of court employees: domestic relations hearing officers, juvenile probation officers, and adult probation officers. The County alleges that these employees perform quasi-judicial functions and also alleges that they are deemed judicial officers. Thus, the County contends that all of these employees are subject to the Code of Judicial Conduct. This Court has yet to address whether the separation of powers doctrine is violated in the context of these employees.[5]

and Law Library." *Ellenbogen,* 479 Pa. at 431 n. 3, 388 A.2d at 731 n. 3 (emphasis added).

4. We note that the Commonwealth Court has previously stated that *Ellenbogen* did not address the constitutionality of applying Act 195 to the judiciary. *Beckert v. American Federation of State, County & Municipal Employees,* 56 Pa.Commw. 572, 425 A.2d 859 (1981), *aff'd,* 501 Pa. 70, 459 A.2d 756 (1983).

5. In addition to *Ellenbogen* and *Bradley,* the Board and the Teamsters rely upon *County of Lehigh v. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Bd.,* 507 Pa. 270, 489 A.2d 1325 (1985), and *Pennsylvania Labor Relations Bd. v. American Federation of State, County & Municipal Employees,* 515 Pa. 23, 526 A.2d 769 (1987). In the former case, we addressed whether judicial secretaries are confidential employees. In the latter case, we addressed whether certain subjects

Given the case-by-case analysis mandated by *Bradley,* consideration of the issues raised in the petition for review requires the development of a full record. The Commonwealth Court did not engage in this type of analysis. Thus, the Commonwealth Court erred in sustaining the demurrers to count I of the petition for review.

The County also argues that the Commonwealth Court erred in sustaining the demurrers to the County's petition for review on the basis that it failed to exhaust its administrative remedies. It submits that it is not required to exhaust administrative remedies because a substantial constitutional issue has been raised, available administrative remedies are not adequate, and delaying judicial review will result in immediate harm.

The Board and the Teamsters argue that the Commonwealth Court correctly found that the County failed to exhaust its administrative remedies. They submit that the County must exhaust its available administrative remedies before resorting to judicial intervention where the constitutional attack is not a frontal attack on the Public Employe Relations Act and the administrative remedies are adequate.

We have held that "the doctrine of exhaustion of [administrative] remedies would not bar equitable intervention where there [is] both a substantial question of constitutionality *and* the absence of an adequate statutory remedy." *Shenango Valley Osteopathic Hosp. v. Department of Health,* 499 Pa. 39, 48, 451 A.2d 434, 438 (1982)(citing *Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 276, 328 A.2d 819, 822–23 (1974)). Thus, the County must show that there is a substantial constitutional question involved in this case and that the County lacks an adequate administrative remedy. Moreover, an administrative "remedy is *inadequate* if it either (1) does not allow for adjudication of the issue raised . . . or (2) allows irreparable harm to occur to the plaintiffs during the

were properly the subject of collective bargaining. Neither of these cases presented this Court with the issue concerning the independence of alleged quasi-judicial officers. Thus, these cases are not dispositive of the instant case.

pursuit of the statutory remedy." *LCN Real Estate, Inc. v. Borough of Wyoming,* 117 Pa.Commw. 260, 270 n. 8, 544 A.2d 1053, 1058 n. 8 (1988) (citations omitted).

Instantly, the County has raised a substantial constitutional question that falls within the exception of the exhaustion of administrative remedies doctrine. The question as to the constitutionality of Act 195 as applied to the court-appointed employees in this case is substantial. The County contends that these employees are quasi-judicial and their inclusion in a collective bargaining relationship would be incompatible with the judicial independence expected of such court-appointed employees. Considering as true all of the County's well-pleaded facts, we find that the County has presented a substantial constitutional question, which this Court has not yet addressed.

Additionally, the County lacks adequate administrative remedies. The Commonwealth Court found that the County had the following administrative remedies available to it: (1) filing a petition for review of the order in question with the Board before the union election and/or (2) filing exceptions with the Board after the election has been held. *Commonwealth ex rel. Nicholas v. Pennsylvania Labor Relations Bd.,* 156 Pa. Commw. 498, 504, 628 A.2d 485, 488 (1993). However, we find these administrative remedies to be wholly inadequate.

The administrative remedy is inadequate because it does not allow for adjudication of the issue raised. There is no provision in Act 195 granting the Board the authority to rule on this constitutional issue. *See* 43 Pa.C.S. § 1101.101–2301. Moreover, the Board's fact-finding expertise is not necessary for the adjudication of the constitutional issue raised. Because the Board lacks the authority to adjudicate the issue raised, the County is not required to exhaust its administrative remedies. *See Shenango Valley Osteopathic Hosp. v. Department of Health,* 499 Pa. 39, 451 A.2d 434 (1982). We note that the "evils of piecemeal judicial intervention in the administrative process are not raised where judicial relief is limited to resolving questions concerning the constitutionality of an enabling act." *Id.* at 50, 451 A.2d at 439.

Therefore, because the Commonwealth Court erred in sustaining the preliminary objections in the nature of demurrers, we must reverse the dismissal of the County's petition for review and remand to the Commonwealth Court to proceed with the disposition of the petition for review.

Accordingly, the order of the Commonwealth Court is reversed and the matter is remanded to the Commonwealth Court for proceedings consistent with this opinion.

ZAPPALA, J., concurs in the result.

PAPADAKOS, J., and MONTEMURO, J., who was sitting by designation, did not participate in the decision of this case.