### ALLENTOWN SCHOOL DISTRICT, Petitioner,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION and Eugene W. Hickok, Secretary of Education for the Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 4, 2001.

Decided Aug. 20, 2001.

---

John E. Freund, III, Allentown, for petitioner.

Daniel J. Doyle, Harrisburg, for respondents.

Before COLINS, Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

COLINS, Judge.

Before this Court in its original jurisdiction are preliminary objections filed by the Department of Education of the Commonwealth of Pennsylvania (Department) and Eugene Hickok, Secretary of Education, (collectively, the Commonwealth), in response to a petition for review in the na-

ture of a complaint in mandamus and for declaratory relief, filed against them by the Allentown School District (School District).

On February 9, 2001, the School District filed a petition for review in the nature of a complaint in mandamus and for declaratory relief, which asked the Court to direct Respondents: (1) to recompute the School District's Pennsylvania System of School Assessment (PSSA) scores to reflect the plain language of Section 1702–B of the Public School Code of 1949 (Code),[1] which, avers the School District, requires a breach of the 50 percent threshold to be determined on the basis of the respective test results of *two consecutive years* rather than a *two-year average* of test results as calculated by Respondents; (2) to exclude from the computation of PSSA scores, those students enrolled in the district for fewer than 90 instructional days of the school year in which the PSSA test was administered pursuant to Section 1703–B(a)[2] of the Code; and (3) to remove the School District from the EEA list.

Respondents filed preliminary objections in the nature of a demurrer to the School District's petition, in response to which the School District filed preliminary objections alleging that Respondents' preliminary objections were too general. Respondents

---

1. Act of March 10, 1949, P.L. 30, *as amended.* Article XVII–B, known as the Education Empowerment Act (EEA), was added by the Act of May 10, 2000, P.L. 44, *as amended,* 24 P.S. §§ 17–1701–B—17–1716–B. Under the EEA, the Department places school districts on the Education Empowerment List if they have a history of low test performance with respect to certain academic assessments. 24 P.S. § 17–1703–B(a). The phrase "history of low test performance" is defined by the EEA as:

   A combined average of fifty per centum or more of *students scoring in the bottom* measured group of twenty-five per centum or below basic level of performance on the Pennsylvania system of school assessment

tests under 22 Pa.Code Ch. 4 (relating to academic standards and assessment) in math and reading in the most recent two school years for which scores are available. 24 P.S. § 17–1702–B.

2. 24 P.S. § 17–1703–B(a) (footnote omitted) provides in pertinent part:

   A school district may petition the department to exclude from its calculation under this subsection or section 1707–B(a.1) the PSSA test score of any student who was enrolled in the district for less than ninety (90) instructional days of the school year in which the test was administered.

then filed an application for leave to file amended preliminary objections, with a proposed set of the latter attached to their application. By Court order dated April 14, 2000, Respondents' application was granted, and disposition of their amended preliminary objections is now before the Court.

The School District argues that the Respondents' amended preliminary objections should be dismissed on the basis that its complaint adequately states a cause of action in mandamus and for declaratory relief. In asking the Court to direct Respondents to recalculate its PSSA test results, the School District challenges as erroneous, Respondents' interpretation of the EEA as requiring a calculation of the average PSSA test results for the two most recent school years, rather than requiring the respective PSSA test results from each of two consecutive years. Averring that the plain language and legislative intent of the statute dictate that a breach of the 50 percent threshold be based upon the results of each of two consecutive years and not upon a two-year average, the School District contends that had its PSSA test results been calculated correctly, it would not have been placed on the Education Empowerment List. Finally, it is the School District's position that Section 1703–B(a) of the Code requires that any student enrolled in the school district for less than 90 instructional days be excluded from PSSA test score calculation, and that this Court should mandate Respondents' compliance with this requirement.

Respondents argue that the School District is erroneously interpreting the phrase, "history of low test performance," as defined in the EEA by, in effect, implicitly asking the Court to insert the words "each" and "consecutive" into the definition. In this regard, Respondents contend

that the omission of the words "each" and "consecutive" from the statute unarguably indicates that the legislature did not intend for PSSA test scores to be individually evaluated for each year.

It is Respondents' further contention that even assuming *arguendo* that the meaning of the phrase "history of low test scores" is unclear, pursuant to the Statutory Construction Act,[3] the following factors should be considered in arriving at the correct meaning: the occasion and necessity surrounding passage of the statute; the circumstances under which the statute was enacted; the problem to be remedied and the goal of the legislation; the consequences of a particular interpretation; and legislative and administrative interpretations of the statute. 1 Pa.C.S. § 1921(c); *Department of Environmental Resources v. PBS Coals, Inc.,* 677 A.2d 868 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 546 Pa. 684, 686 A.2d 1313 (1996). In light of the foregoing, Respondents maintain that the School District mistakenly considers its inclusion on the EEA list solely in a negative light, while disregarding the more positive aspects, such as being afforded the opportunity to improve poor academic performance by having an academic advisory team assist in preparing an improvement plan; being afforded the opportunity to gain greater operational flexibility; and the benefits of additional financial resources for improving academic performance. Respondents also maintain that even if the allegedly problematic statutory language were found to be ambiguous, pursuant to 1 Pa.C.S. § 1921(c)(8), the Department's interpretation is entitled to substantial weight because it is the agency responsible for implementing and interpreting statutes affecting education.

---

**3.** 1 Pa.C.S. §§ 1901–1991.

Finally, although Respondents acknowledge that the Secretary has the discretion, pursuant to a school district's request, to exclude from PSSA test score calculation, the scores of those students enrolled in the School District for fewer than 90 instructional days of the school year in which the test was administered, Respondents contend that the statute does not require that the Secretary do so.

This Court, in ruling on preliminary objections, has consistently held that

> we must accept as true all well pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth.1995). This court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.*

*Marrero By Tabales v. Commonwealth*, 709 A.2d 956, 959 (Pa.Cmwlth.1998), *affirmed*, 559 Pa. 14, 739 A.2d 110 (1999). As this Court pointed out in *Harrisburg School District v. Eugene W. Hickok, Secretary of Education*, 781 A.2d 221, 226 (Pa.Cmwlth.2001):

> Regarding our standard of review for preliminary objections, previously, preliminary objections were only to be sustained in cases that were clear and free from doubt from all of the facts plead, and that the pleader was unable to prove facts legally sufficient to establish his right to relief. *Commonwealth v. Labor Relations Board*, 545 Pa. 288, 681 A.2d 157 (1996); ... However in *Pennsylvania AFL–CIO v. Commonwealth*, 563 Pa. 108, 757 A.2d 917 (2000), that standard appears to have been changed so that it is now whether the law under consideration is clear and free from doubt.

▮ Applying the foregoing to the present matter, we cannot agree with the School District's averments that the plain language and legislative intent of the statute dictate that a breach of the 50 percent threshold be based upon the results of each of two consecutive years and not upon a two-year average. The statutory language at issue does not contain the word "each," but rather the phrase "*combined average*" in reference to "fifty per centum or more of students scoring in the bottom measured group of twenty-five per centum or below basic level of performance ... in the most recent two school years for which scores are available." 24 P.S. § 17–1702–B. We find no ambiguity in this wording, nor do we concur with the School District's attempts at interpretation.

▮ Further, upon review of the statute, we agree with the Commonwealth's contention that although Section 1703–B(a) allows a school district to petition the Department to exclude from PSSA test score calculation, the scores of any student enrolled in the district for fewer than 90 instructional days of the school year in which the tests are given, there is no statutory mandate or established precedent requiring that the Department do so.

Having found the challenged statutory language "clear and free from doubt," we therefore find no merit in the School District's arguments, and find that its petition for review in the nature of a complaint in mandamus and for declaratory relief fails to state a cause of action upon which the requested relief may be granted. Accordingly, the Commonwealth's amended preliminary objections in the nature of a demurrer are sustained and the School District's petition for review is dismissed.

### *ORDER*

AND NOW, this 20th day of August 2001, the Commonwealth's amended pre-

liminary objections in the nature of a demurrer in the above-captioned matter are sustained, and the School District's petition for review is dismissed.