**Karl and Jennie HECK, Petitioners,**

**v.**

**PENN LAKE PARK BOROUGH, and Department of Environmental Protection, Commonwealth of Pennsylvania, and Stanley J. Lehman, individually, and Shaun Kuter, individually, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2001.

Decided Nov. 8, 2001.

Myles P. McAliney, Pittston, for petitioners.

Sean L.P. Robbins, Wilkes-Barre, for respondents.

Before COLINS, J., LEADBETTER, J., MIRARCHI, Jr., Senior Judge.

COLINS, Judge.

Before this Court in its original jurisdiction are preliminary objections filed by the Pennsylvania Department of Environmental Protection (the Department) and Stanley J. Lehman (Lehman)(collectively Respondents), in response to a complaint filed on July 31, 2000, in the Luzerne County Court of Common Pleas (Common Pleas Court) by Karl and Jennie Heck (Petitioners) against Penn Lake Park Borough (the Borough), the Department, Lehman and Shaun Kuter, both of whom are Department employees.

On June 29, 1994, the Borough adopted an official sewage facilities plan (the Plan) to address the sewage requirements of its residents pursuant to the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, No. 537, *as amended*, 35 P.S. §§ 750.1–750.20a (Act 537). After subsequent revisions, the last of which occurred on August 8, 1995, the final Plan stipulated that "new sewage facilities are required for the Borough to comply with the Department of Environmental Resources Rules and Regulations governing sewage disposal." The Plan was approved by the Department pursuant to its authori-

ty under Act 537 and the regulations promulgated thereunder. Along with the Plan, the Borough adopted a schedule calling for implementation of the Plan over a 60–month time frame. It is averred by Petitioners that to date, the Borough's Plan has not been fully implemented.

Petitioners are residents of Wilkes-Barre, Pennsylvania, and own undeveloped lakefront property in the Borough. The record indicates that in August 1997, Petitioners applied to the Borough's sewage enforcement officer for a permit to use a holding tank on their property for the purpose of developing it. This application was denied by the Borough's sewage enforcement officer in a letter stating that "no official plan for sewers are [sic] now in place in Penn Lake [the Borough] therefore a holding tank is not allowed." On November 4, 1998, Petitioners' counsel filed a new application for a permit to install a holding tank. In response, Shaun Kuter advised the Borough Council by letter that Act 537 would prevent installing a holding tank until "official plans that in-

cluded financial assurances for sewers are in place."

Thereafter, Petitioners continued unsuccessfully to seek approval for the use of a holding tank, and asked the Borough to adopt a suggested curative amendment. By letter dated January 7, 1999, the Borough informed Petitioners that it did not have an official plan that would provide for the use of a holding tank on Petitioners' property. On August 31, 1999, Petitioners submitted a letter to the Department, which letter they aver constituted a "private request" pursuant to Section 5.5(b) of Act 537.[1] By letter dated May 25, 2000, the Department provided a written response to Petitioners, advising them that holding tanks could not be authorized by the Department except in the following three circumstances, pursuant to 25 Pa. Code § 71.63:

> 1. When a municipality has an Official Plan which provides for the replacement of the holding tank by adequate sewage facilities in accordance with a schedule

---

1. Section 5.5(b) of Act 537 provides in pertinent part:

    (b) Any person who is a resident or legal or equitable property owner in a municipality may file a private request with the department requesting that the department order the municipality to revise its official plan if the resident or property owner can show that the official plan is not being implemented or is inadequate to meet the resident's or property owner's sewage disposal needs. This request may be made only after a prior written demand upon and written refusal by the municipality to so implement or revise its official plan or failure of the municipality to reply in either the affirmative or negative within sixty days or failure of the municipality to implement its official plan within the time limits established in the plan's implementation schedule or failure to revise its official plan within the time limits established by regulation. The request to the department shall contain a description of the area of the municipality in question and a list of all reasons

why the plan is believed to be inadequate. Such person shall give notice to the municipality of the request to the department.

. . . .

(b.2) The department shall render a decision and inform the person requesting the revision and the appropriate municipality in writing within one hundred twenty days after either receipt of the comments permitted by this section or the expiration of the forty-five day comment period when no comments have been received or within an extended period if agreed to in writing by the person making the request. The department's decision shall specify the nature of the revision to the municipality's official plan that the municipality will be required to implement or the reasons for refusal. In the event the department fails to act within the specified time limits and the applicant takes a mandamus action against the department, the court may award costs for counsel and court costs to the prevailing party.

approved by the Department (a two-year time frame).

2. Holding tanks are allowed to abate a nuisance or public health hazard from an existing residence.

3. Holding tanks are allowed for the use by institutions, recreational vehicle dump stations or commercial establishments with a sewage flow of less than 800 GPD.

■ On July 31, 2000, Petitioners filed a complaint against the Borough, the Department, and two Department employees, Stanley J. Lehman, individually, and Shaun Kuter, individually. The complaint set forth four counts entitled mandamus[2] against the Borough, Shaun Kuter, the Department, and Stanley J.

Lehman, respectively, and a fifth count for a civil rights injunction against all Respondents. The mandamus count against the Borough asked for entry of an order directing the Borough to comply with its Act 537 Plan and to install sewers within a two-year time frame or, in the alternative, to allow Petitioners to utilize a holding tank on their property. The mandamus count against the Department asked for entry of an order directing the Department to agree to allow Petitioners to utilize a holding tank on their property or, in the alternative, to order the Borough to implement its sewage facilities plan within two years to allow Petitioners to construct a home on their property. In their civil rights count, Petitioners allege that the inaction of all the Respondents collectively has deprived them of due process of law as guaranteed by the federal and state constitutions, and deprived them of the use and enjoyment of their real property situate in the Borough.

On August 22, 2000, the Department filed preliminary objections to Petitioners' complaint on behalf of the Department and Lehman. The Department's first preliminary objection challenged the jurisdiction of Common Pleas Court. After oral argument was conducted on the jurisdictional issue on October 23, 2000, Common Pleas Court found in the Department's favor and had the matter transferred to this Court, which now addresses the Department's remaining preliminary objections.

In these preliminary objections, Respondents contend that they are entitled to a demurrer: (1) where Petitioners, according to the Department and Lehman, have failed to exhaust their administrative remedies by filing an appropriate private request with the Department, pursuant to Section 5.5(b) of Act 537; (2) where Petitioners ask this Court to direct the Department to take actions that are solely within the Department's discretion pursuant to Act 537, and where the relief Petitioners seek exceeds the scope of the Department's authority under Act 537; and (3) where Petitioners fail to establish a civil rights claim in that their complaint fails to set forth a cause of action for such relief and fails to indicate which section of the United States Code on which they base their claim.

In response, Petitioners argue that they have pursued every avenue possible to get the Borough and the Department to meet their obligations under Act 537 so they could utilize their property. However, Petitioners aver that the responses they

---

**2.** "Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other adequate, appropriate and specific remedy; . . ." *Aiken v. Radnor Township Board of Supervisors,* 83 Pa.Cmwlth. 190, 476 A.2d 1383, 1388 (1984)(quoting *Flaherty v. Allegheny Contracting Industries, Inc.,* 6 Pa.Cmwlth. 164, 293 A.2d 639, 643 (1972)).

received from the Department and Mr. Lehman are inconsistent with those they received from the Borough. Petitioners further maintain that they submitted a private request for relief in compliance with Act 537, which request was denied by the Department, and that the latter now denies that Petitioners' application was a "proper" private request, thereby requiring that Petitioners begin the application process again. Finally, it is Petitioners' position that what they ask of the Department, to permit them to install a holding tank on their property, is a mandatory Department obligation and not within the Department's discretion. Accordingly, Petitioners aver that they are being deprived of the use of their property and that therefore, they have properly set forth their constitutional claims.

In ruling on preliminary objections, this Court recently held that

> Regarding our standard of review for preliminary objections, previously, preliminary objections were only to be sustained in cases that were clear and free from doubt from all of the facts plead, and that the pleader was unable to prove facts legally sufficient to establish his right to relief. *Commonwealth v. Labor Relations Board*, 545 Pa. 288, 681 A.2d 157 (1996); ... However in *Pennsylvania AFL–CIO v. Commonwealth*, 563 Pa. 108, 757 A.2d 917 (2000), that standard appears to have been changed so that it is now whether the law under consideration is clear and free from doubt.

*Harrisburg School District, v. Eugene W. Hickok, Secretary of Education*, 781 A.2d 221, 226 (Pa.Cmwlth.2001).

■ Applying the foregoing rationale to the present matter, we reject Respondents' contention that Petitioners failed to exhaust their administrative remedies under Act 537 by failing to file an appropriate private request for relief. Review of Petitioners' July 23, 1999 letter to Lehman and the Department advising them that in late 1998 the Borough passed a curative amendment to its zoning ordinance removing the prohibition on use of holding tanks, and Petitioners' August 31, 1999 letter to the Department regarding the Borough's failure to implement its Plan, are followed by Petitioners' numerous and unsuccessful prior applications for a holding tank permit to enable them to use their property. We therefore find Respondents' allegations that Petitioners failed to submit a proper private request for relief pursuant to Act 537 to be disingenuous at the least.

■ Further, we find no merit in Respondents' allegation that Petitioners are asking the Department to undertake action that is solely within the Department's discretion or that exceeds the latter's ambit of authority. In this regard, the statutory language of Section 5.5(b) of Act 537 unequivocally provides an applicant with the right to request the Department's assistance in directing a municipality to implement its official sewage facilities plan or to revise said plan, if it has not already done either within established time limits. Unarguably, in Petitioners' case, the Borough remains in a state of stasis as to implementing or revising its Plan, so as to allow resolution of Petitioners' sewage handling needs, and the Department has failed to address Petitioners' request for relief from the Borough's inaction pursuant to Act 537. For the foregoing reasons, we therefore deny Respondents' preliminary objections with regard to the mandamus counts of Petitioners' complaint, and we note that Section 5.5(b) of Act 537 even provides for the award of counsel fees and court costs in the event that applicants are compelled to initiate a mandamus action against the Department for failure to act

within specified time limits, as in the present case.

■ Turning now to the civil rights count of Petitioners' complaint, however, we find that it fails to set forth a cause of action with sufficient specificity upon which the requested relief may be granted. Petitioners allege that as a result of the inaction of all the defendants, they have been deprived of the use and enjoyment of their real property and have been deprived of their due process rights provided by the Fourth and Fourteenth Amendments to the United States Constitution. Analogously, in *Anselma Station v. Pennoni Associates,* 654 A.2d 608 (Pa.Cmwlth.1995), petitioner Anselma alleged that Pennoni Associates, in its capacity as township engineer for West Pikeland Township, acted under color of state law to deprive petitioner of its property interests in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Anselma argued that its complaint properly set forth a cause of action under Section 1983[3] by alleging that Pennoni violated its substantive due process rights,[4] through deliberate and arbitrary abuse of government power. In response, Pennoni averred that the conduct Anselma alleged in its complaint did not "rise to the level of a constitutional tort." *Id.* at 613. In determining whether Anselma successfully established a civil rights infringement, the Court stated that "[i]n order to recover under Section 1983, a plaintiff must show that the injury inflicted rose to the level of a constitutional tort, i.e., that the complained of conduct was so egregious as to exceed the boundaries of wrongful injuries redressable under tort law and which deprived the victim of a fourteenth amendment liberty interest without ... due process of law." *Id.* (quoting *Byrd v. Clark,* 783 F.2d 1002 (11th Cir.1986)) (citations omitted).

Applying this heightened pleading requirement to the present matter, we find that· the civil rights count of Petitioners' complaint fails to meet this burden in that it fails to expressly delineate those actions of Respondents that constituted civil rights violations. Additionally, this Court, in *Bell Atlantic Mobile Systems v. Zoning Hearing Board,* 676 A.2d 1255, 1266–67 (Pa. Cmwlth.1996), *affirmed sub nom. Crown Communications v. Zoning Hearing Board of Glenfield,* 550 Pa. 266, 705 A.2d 427 (1997), definitively stated,

> [I]t is well settled that conclusory pleadings do not suffice to state a claim under 42 U.S.C. § 1983. "The economic drain of civil rights litigation on public resources is simply too great to permit cases to go forward without a substantial indication that a constitutional violation has occurred." *Pace Resources, Inc. v. Shrewsbury Township,* 808 F.2d 1023, 1027 (3d Cir.1987), cert. denied, 482 U.S. 906, 107 S.Ct. 2482, 96 L.Ed.2d 375....

> There are simply no facts averred that would allow this Court to conclude that the public sentiment was unfounded, and therefore, these conclusory allegations of

---

**3.** 42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory subjects, or ... causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.... 42 U.S.C. § 1983.

**4.** Substantive due process rights have been defined as involving the fundamental or natural rights of an individual. *Anselma Station,* 654 A.2d at 613 n. 4 (quoting *Haag v. Cuyahoga County,* 619 F.Supp. 262, 275 (N.D.Ohio, 1985)).

irrational and arbitrary decisionmaking by the Supervisors are insufficient to support a Section 1983 action.

Similarly, other than setting forth "conclusory allegations" of civil rights violations, the civil rights count of Petitioners' complaint fails to aver specific facts sufficient to support a civil rights action.

Accordingly, while we dismiss Respondents' preliminary objections as to the mandamus count of Petitioners' complaint, we sustain Respondents' preliminary objections as to the civil rights count of Petitioners' complaint.

### ORDER

AND NOW, this 8th day of November 2001, in the above-captioned matter, the Pennsylvania Department of Environmental Protection's preliminary objections to the mandamus counts of the complaint filed by Petitioners Karl and Jennie Heck are dismissed. The Department's preliminary objections to the civil rights count of Petitioners' complaint are sustained.