· Donald R. HULL, Petitioner,

v.

**PENNSYLVANIA STATE POLICE,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 2001.

Decided March 1, 2001.

Donald R. Hull, petitioner, pro se.

Patricia J. Bartkowiak, Harrisburg, for respondent.

Before PELLEGRINI, Judge, LEADBETTER, Judge, MIRARCHI, Senior Judge.

PELLEGRINI, Judge.

Donald R. Hull (Petitioner) appeals, *pro se,* from the decision of the Pennsylvania State Police (State Police) denying his request under the "Right–to–Know Act"[1] for his criminal history record information[2] and DNA test results procured under the DNA Detection of Sexual and Violent Offenders Act, (DNA Act), Act of May 28, 1995, P.L. 1009 (Spec.Sess. No. 1), 35 P.S. §§ 7651.101–7651.1102, as well as denying his request for a waiver of fees.

On July 3, 2000, Petitioner wrote to the State Police requesting a copy of his criminal record check under the Right–to–Know Act. The State Police responded advising Petitioner that he needed to complete a Form SP4–164, "Request for Criminal Record Check" and send either a certified check or money order for $10.00 payable to the "Commonwealth of Pennsylvania." Petitioner sent back a completed form but requested a waiver of the $10.00 fee. In his response, Petitioner also made a Right–to–Know request for the results of his DNA test processed by the State Correctional Institute (SCI)—Mahanoy. While it would make his criminal record check available to him under the Criminal History Record Information Act if he paid the $10.00 fee, on September 28, 2000, the State Police denied that request as well as his request for his DNA results because the information he sought was not a "public record" under the Right–to–Know Act. Petitioner then filed this appeal from the State Police denial of his request.[3]

Petitioner contends that the State Police erred in denying his request under the Right–to–Know Act because the information sought is a public record that concerns an agency action affecting his rights.[4] A "public record" under the Right–to–Know Act is:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, that the term "public record" shall not mean any report, communication or other paper the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertain-

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4.

2. The report generated under the Criminal History Record Information Act, 18 Pa.C.S. §§ 9101–9183, is commonly referred to as a "criminal record check."

3. Our scope of review of an agency's denial of a request for information under the Right–to–Know Act is whether that denial was for just and reasonable cause. *Commonwealth v. Mines,* 680 A.2d 1227 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 738, 690 A.2d 238 (1997), *cert. denied,* 520 U.S. 1190, .117 S.Ct. 1477, 137 L.Ed.2d 689 (1997).

4. Petitioner argues that the State Police denial of access to his criminal record information and DNA test results affects his ability to pursue relief under the Post Conviction Relief Act. 42 Pa.C.S. §§ 9541–9546. The reason that a record is sought is irrelevant; if the record is public, it must be provided, no matter the motive behind the request. *Neyhart v. Department of Corrections,* 721 A.2d 391 (Pa. Cmwlth.1998).

ing to safety and health in industrial plants; **it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute, law** or order or decree of court, or which would operate to prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or state or municipal authorities of federal funds, excepting therefrom however the record of any conviction for any criminal act.

65 Pa.C.S. § 66.1(2) (emphasis added).

■ Even if it would otherwise fall within the ambit of what would normally be considered a "public record," information obtained through a criminal record check is not a "public record" since its release is restricted by a statute other than the Right–to–Know Act. *See Scranton Times, L.P. v. Scranton Single Tax Office,* 736 A.2d 711 (Pa.Cmwlth.1999), *aff'd,* —— Pa. ——, 764 A.2d 17 (2000). Under the Criminal History Record Information Act, a criminal justice agency or non-criminal justice agency can request a criminal records check. 18 Pa.C.S. § 9121. In addition, an individual can request a criminal record check of only his or her own criminal history. 18 Pa.C.S. § 9152; 37 Pa. Code § 195.4. Because the public does not have access to an individual's criminal history by requesting a criminal records check, it is not a public record and the State Police properly denied Petitioner's request made under the Right–to–Know Act.[5]

■ Even if the criminal history record is not a public record, Petitioner contends that the State Police improperly denied his request to waive the $10.00 fee for processing his pending request for a criminal record check. Petitioner asserts that a

waiver of the fee is necessary because he is unable to pay and needs the information to pursue relief from his criminal conviction.

Section 9121 of the Criminal History Record Information Act provides, in relevant part, that "[a] fee may be charged by a State or local police department for each request for criminal history record information by an individual or non-criminal justice agency ..." 18 Pa.C.S. § 9121. The regulations implementing this provision require that "[i]ndividuals and non-criminal justice agencies requesting criminal history record information ... shall pay a nonrefundable fee not to exceed $10.00 for each request made ..." 37 Pa. Code § 195.3. Because the regulation mandates that an individual must pay a fee to receive his or her criminal history record information, *see Oberneder v. Link Computer Corp.,* 548 Pa. 201, 696 A.2d 148 (1997), the State Police did not abuse its discretion by refusing to waive the fee.

■ For similar reasons that his criminal history was denied, Petitioner is also not entitled to his DNA results. The dissemination of DNA samples and test results is covered by the DNA Act. Specifically, Section 501 of that act provides for the prohibition of disclosure, stating that:

(a) Disclosure.—Any person who by virtue of employment or official position or any person contracting to carry out any functions under this act, including any officers, employees and agents of such contractor, who has possession of or access to individually identifiable DNA information contained in the State DNA Data Base or State DNA Data Bank shall not disclose it in any manner to any person or agency not authorized to receive it knowing that such person or agency is not authorized to receive it.

---

5. This is not to imply that no fee can be charged even if the request was proper under the Right–to–Know Act. 66 P.S. § 66.3.

(b) Obtaining information.—No person shall obtain individually identifiable DNA information from the State DNA Data Base or the State DNA Data Bank without authorization to do so.

35 P.S. § 7651.501. These provisions clearly prohibit dissemination and forbid access to individuals not authorized to receive the information. DNA test results are only available to criminal justice agencies or upon request in furtherance of an official investigation of a criminal offense, offender or suspected offender. 35 P.S. § 7651.309. Because the DNA Act restricts access, information falling within its scope is not a "public record" under the Right–to–Know Act, 65 P.S. § 66.1(2), and the State Police had properly denied Petitioner's request for that information.

Accordingly, since neither the criminal record check nor the DNA test results are public records, the State Police had just and reasonable cause to deny Petitioner's request for that information under the Right–to–Know Act. Because the State Police were not authorized to waive the fee for the criminal record check under the Criminal History Record Information Act, it did not err in refusing Petitioner's request for a waiver of that fee. Accordingly, for the foregoing reasons, the decision of the State Police is affirmed.[6]

### ORDER

AND NOW, this *1st* day of *March,* 2001, the September 28, 2000 decision of the Pennsylvania State Police, denying Petitioner's request for information under the Right–to–Know Act, is affirmed.

---

**6.** In his reply brief, Petitioner asserts that he is now also making his request for this information as a discovery request and/or a subpoena under the Pennsylvania Rules of Criminal Procedure No. 305. We note that this issue is not properly before us on appeal and will not address it. *Compare* 42 Pa.C.S. §§ 741 and 761; *see also* Pa. R.A.P. 1551.