860 A.2d 10

ALLEGHENY COUNTY SPORTSMEN'S LEAGUE, Kim Stolfer, Richard Haid, Lehigh Valley Firearms Coalition, John F. Brinson and John J. Iannantuono, Appellants

v.

Edward G. RENDELL *, In his Official Capacity as Governor of the Commonwealth of Pennsylvania, Col. Jeffrey B. Miller *, In his Official Capacity as the Commonwealth of Pennsylvania State Police Commissioner and the State Police of the Commonwealth of Pennsylvania (Pennsylvania State Police), Appellees.

Supreme Court of Pennsylvania.

Argued March 3, 2003.

Decided Oct. 19, 2004.

* Successor to original party, substituted pursuant to Pa. R.A.P. 502(c).

150

Jon Pushinsky, Pittsburgh, for Allegheny County Sportsmen's League, et al., appellants.

Joanna N. Reynolds, Harrisburg, for Pennsylvania State Police, et al., appellees.

Daniel Ryan Vice, for Brady Center to Prevent Gun Violence, et al., appellee amici curiae.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, EAKIN and LAMB, JJ.

## *OPINION*

Justice CASTILLE.

This is an appeal from an *en banc* decision of the Commonwealth Court which sustained appellees' (the Commonwealth's) preliminary objection in the nature of a demurrer and dismissed appellants' Complaint in Equity seeking to enjoin the Commonwealth from maintaining a database of handgun sales. For the reasons that follow, we hold that the Commonwealth's database of handgun sales is proper under the Pennsylvania Uniform Firearms Act of 1995, 18 Pa.C.S. § 6101, *et. seq.* (the "Firearms Act"). Accordingly, we affirm.

The Firearms Act was first enacted on December 6, 1972 and subsequently amended by the Act of June 13, 1995, P.L.

1024, No. 17 (Spec. Sess. No. 1) (Act 17), the Act of November 22, 1995, P.L. 621, No. 66 (Act 66), and the Act of April 22, 1997, P.L. 73, No. 5 (Act 5). Under the Firearms Act, every person purchasing a handgun in Pennsylvania from a licensed dealer is required to provide the dealer with identifying information including the purchaser's name, gender, race, social security number, address and date of birth. This information is recorded on a one-page form known as an "application/record of sale." *See* 18 Pa.C.S. § 6111(b)(1). The application/record of sale is filled out in triplicate: the original copy is forwarded to the Pennsylvania State Police within 14 days of the sale; one copy is retained by the licensed importer, manufacturer or dealer for a period of 20 years; and the final copy is provided to the purchaser. *See id.* The Pennsylvania State Police incorporate the information in the application/record of sale into a database of persons who lawfully purchase handguns in Pennsylvania. This database has been maintained by the Pennsylvania State Police since 1943.[1]

Appellants filed a Complaint in Equity in the Commonwealth Court's original jurisdiction seeking a declaratory judgment declaring that the database is a registry of gun ownership in violation of the Firearms Act, and seeking an injunction directing appellees to discontinue and destroy the existing database/alleged registry. Appellants based their right to relief on Section 6111(b)(1.1)(v) of the Firearms Act, which prohibits the Commonwealth from retaining an application/record of sale for firearms, as defined in that subsection, and Section 6111.4, which prohibits government or law enforcement agencies from creating, maintaining and operating a "registry of firearm ownership." Appellants thus sought to prohibit the Commonwealth from creating, maintaining and operating a handgun sales database and requested the destruction of the existing database.

1. Records of handgun sales have been maintained since 1931 when the records were kept by the Secretary of the Commonwealth. The records were turned over to the Pennsylvania State Police in 1943. *See* N.T. 1/18/01, at 27.

On January 18, 2001, the Honorable James R. Kelley of the Commonwealth Court presided over a preliminary injunction hearing. Judge Kelley denied appellants' motion for a preliminary injunction, finding that appellants had failed to establish each criterion for a preliminary injunction, and specifically, did not demonstrate a clear right to relief. On February 7, 2001, the Commonwealth filed preliminary objections to appellants' Complaint in Equity asserting, *inter alia*, that appellants had failed to state a claim upon which relief could be granted.[2] The declaratory judgment action and the Commonwealth's preliminary objections were considered by an *en banc* panel of the Commonwealth Court. In a published opinion, the panel majority sustained the Commonwealth's preliminary objection that appellants had failed to state a claim upon which relief can be granted and dismissed appellants' Complaint in Equity. *See Allegheny County Sportsmen's League v. Ridge,* 790 A.2d 350 (Pa.Cmwlth.2002) (en banc). The panel majority found that there was an absence of express language in Section 6111(b) prohibiting the Pennsylvania State Police from retaining the information on the application/record of sale of **handguns.** Rather, the panel majority found that Section 6111(b)(1.1)(v), which requires the destruction of applications/records of sale within 72 hours, only applied to "firearms which exceed the barrel and related lengths set forth in Section 6102," *i.e.* what are more commonly known as **long guns** (rifles and shotguns), not handguns. Therefore, the panel majority held that appellants were "unable to state a claim that the Commonwealth's maintenance of a database of handgun sales is a violation of Section 6111(b) of the Firearms Act." *See id.* at 359. Additionally, the panel majority held that the plain language of Section 6111.4 prohibits only maintenance of a "registry of firearm ownership." In the panel

2. The Commonwealth also filed preliminary objections asserting that: (1) Governor Ridge was not a proper party to the action; and (2) appellants should not be permitted to invoke the equity jurisdiction of the Commonwealth Court because an adequate remedy existed at law. The Commonwealth Court sustained the preliminary objection that Governor Ridge was not a proper party and overruled the preliminary objection regarding the court's equity jurisdiction. Neither one of these rulings is at issue on the present appeal.

majority's view, the database maintained by the Pennsylvania State Police does not qualify as such a registry because it merely maintains records of sales and is limited to handguns and, thus, does not encompass a registry of all firearms. Thus, the panel majority held that appellants were unable to state a claim for relief under Section 6111.4 of the Firearms Act. *See id.* at 360.

The Honorable Rochelle S. Friedman authored a concurring and dissenting opinion, joined by the Honorable Dante R. Pellegrini. Judge Friedman stated that she would have over-ruled the preliminary objection with respect to Section 6111.4 of the Firearms Act because a database containing records of handgun sales is indeed a "registry of firearm ownership" and, therefore, is prohibited under the Firearms Act. Judge Fried-man thus concluded that it is not certain that the law will not permit appellants to prevail under Section 6111.4 and, there-fore, the preliminary objection should not have been sustained. *See id.* at 363 (Friedman, J., concurring and dissenting).

Appellants filed a direct appeal in this Court. Appellants raise the following issues: (1) whether the database of hand-gun sales maintained by the Pennsylvania State Police is a prohibited registry record of firearm ownership under Section 6111(b) or Section 6111.4; and (2) whether the Commonwealth Court violated its scope of review in granting appellees' pre-liminary objection in the form of a demurrer. As these are questions of law, this Court's review is plenary.

"In ruling on whether preliminary objections were properly sustained, an appellate court must determine whether it is clear from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief." *Pennsylvania AFL–CIO v. Commonwealth of Pennsylvania,* 563 Pa. 108, 757 A.2d 917, 920 (2000) (citations omitted). In reviewing preliminary objections in the nature of a demurrer, the court must consider all of the well-pleaded material facts set forth in the petition and all reasonable inferences drawn from those facts. *See Commonwealth ex. rel. Nicholas v. Pennsylvania Labor Relations Board,* 545 Pa. 288, 681 A.2d 157, 159 (1996). Additionally, "[s]ince sustaining

the demurrer results in a denial of the pleader's claim or dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Willet v. Pennsylvania Medical Catastrophe Loss Fund*, 549 Pa. 613, 702 A.2d 850, 853 (1997) (quoting *County of Allegheny v. Commonwealth of Pennsylvania*, 507 Pa. 360, 490 A.2d 402, 408 (1985)).

Appellants first argue that the Commonwealth Court erred in sustaining the Commonwealth's demurrer because, as a matter of law, the Firearms Act prohibits the Pennsylvania State Police from maintaining the database of handgun sales. In support of this argument, appellants cite to both Section 6111(b) and Section 6111.4 of the Firearms Act. Each of these Sections will be discussed in turn.

Appellants argue that the Commonwealth is prohibited from creating and maintaining its database of Pennsylvania handgun sales because Section 6111(b) prohibits the Commonwealth from retaining the information that appears on the applications/records of sale sent to the Pennsylvania State Police from licensed firearm dealers. Appellants further note that Section 6111(b) requires the Pennsylvania State Police to destroy such applications/records of sale within 72 hours of completion of any required background check. *See* Brief of Appellants, at 23 (citing 18 Pa.C.S. § 6111(b)(1.1)(v)). Appellants submit that in granting the Commonwealth's demurrer, the Commonwealth Court erred in holding that this provision applies only to long guns (*i.e.*, rifles and shotguns), and erred in finding that the Pennsylvania State Police may retain applications/records of sale pertaining to handguns.

In response, the Commonwealth argues that a plain language reading of Section 6111(b)(1) belies appellants' reading of Section 6111(b)(1.1)(v) as preventing the Pennsylvania State Police from maintaining the database of handgun sales. Section 6111(b)(1) provides:

(b) **Duty of seller.**—No licensed importer, licensed manufacturer or licensed dealer shall sell or deliver any firearm

to another person, other than a licensed importer, licensed manufacturer, licensed dealer or licensed collector, until the conditions of subsection (a) have been satisfied and until he has:

(1) For purposes of a firearm as defined in section 6102 (relating to definitions), obtained a completed application/record of sale from the potential buyer or transferee to be filled out in triplicate, the original copy to be sent to the Pennsylvania State Police, postmarked via first class mail, within 14 days of the sale, one copy to be retained by the licensed importer, licensed manufacturer or licensed dealer for a period of 20 years and one copy to be provided to the purchaser or transferee. The form of this application/record of sale shall be no more than one page in length and shall be promulgated by the Pennsylvania State Police and provided by the licensed importer, licensed manufacturer or licensed dealer. The application/record of sale shall include the name, address, birthdate, gender, race, physical description and Social Security number of the purchaser or transferee, the date of the application and the caliber, length of barrel, make, model and manufacturer's number of the firearm to be purchased or transferred.

18 Pa.C.S. § 6111(b)(1). The Commonwealth notes that Section 6111(b)(1) does not contain an explicit prohibition on retaining applications/records of sale. The Commonwealth then argues that this Section applies exclusively to handguns while Section 6111(b)(1.1)(v), which contains the alleged prohibition, on retaining records, applies only to long guns. *See* 18 Pa.C.S. § 6111(b)(1.1)(i) and (iv) (referring to firearms which exceed barrel length set forth in Section 6102).

As further support for its plain meaning construction, the Commonwealth notes that Section 6111(b)(1.1)(v) plainly reads that "no information on the application/record of sale provided *pursuant to this subsection* shall be retained as precluded by section 6111.4...." 18 Pa.C.S. § 6111(b)(1.1)(v) (emphasis added). The Commonwealth argues that the language "this subsection" limits the application of Section 6111(b)(1.1)(v) to

subsection (1.1). Thus, since other provisions in subsection (1.1) refer to barrel length and specifically limit the subsection to long guns, the Commonwealth argues that the prohibition on retaining the applications/records of sale for more than 72 hours provided in Section 6111(b)(1.1)(v) is limited to qualifying firearms, *i.e.*, long guns. The Commonwealth concludes its statutory construction argument by asserting that the Pennsylvania State Police are not required to destroy the applications/records of sale for *handguns* within 72 hours of completion of the background check.

In their brief, Amici [3] echo the Commonwealth's arguments and further argue that it is clear that Section 6111(b)(1.1) was meant to act as an exception to the proscription in Section 6111(b)(1.4) [4] against retaining an application/record of sale in long gun transactions.

 The primary goal in statutory construction is to ascertain and give effect to the intent of the General Assembly. *See* 1 Pa.C.S. § 1921(a); *see also In re 2003 General Election,* 849 A.2d 230, 236–37 (Pa.2004). The plain language of a statute is usually the best indicator of legislative intent. *Commonwealth v. Gilmour Mfg. Co.,* 573 Pa. 143, 822 A.2d 676, 679 (2003). Moreover, the Statutory Construction Act requires a

3. The Amici Curiae include: the Brady Center to prevent gun violence, Pennsylvania Chiefs of Police Association, Pennsylvanians Against Handgun Violence, Ceasefire PA, and the Pennsylvania Million Mom March. The Amici filed one joint brief in support of the Commonwealth.

4. Section 6111(b)(1.4) provides:

(1.4) Following implementation of the instantaneous records check by the Pennsylvania State Police on or before December 1, 1998, no application/record of sale shall be completed for the purchase or transfer of a firearm which exceeds the barrel lengths set forth in section 6102. A statement shall be submitted by the dealer to the Pennsylvania State Police, postmarked via first class mail, within 14 days of the sale, containing the number of firearms sold which exceed the barrel and related lengths set forth in section 6102, the amount of surcharge and other fees remitted and a list of the unique approval numbers given pursuant to paragraph (4), together with a statement that the background checks have been performed on the firearms contained in the statement. The form of the statement relating to performance of background checks shall be promulgated by the Pennsylvania State Police.

presumption that the General Assembly did not intend a result that is absurd or unreasonable. *See* 1 Pa.C.S. § 1922(1) (presumption in "ascertaining the intention of the General Assembly in the enactment of a statute" is that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"); *see also Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.),* 575 Pa.66, 834 A.2d 524, 531 (2003).

 In our view, the Commonwealth Court correctly held that the Commonwealth's maintenance of a database of handgun sales is proper under Section 6111(b)(1). Section 6111(b)(1) specifically requires that "[f]or purposes of a firearm as defined in section 6102," a licensed manufacturer or dealer must obtain a completed application/record of sale which is to be filled out in triplicate with the original sent to the Pennsylvania State Police within 14 days of the sale. 18 Pa.C.S. § 6111(b)(1). The statute also directs that the application/record of sale shall be no more than one page in length and must contain the name, address, birthdate, gender, race, physical description and Social Security number of the purchaser, as well as the date of the application and the caliber, length of barrel, make, model and manufacturer's number of the firearm. *Id.* Thus, under a plain reading of Section 6111(b)(1), it is clear that the General Assembly intended that the Pennsylvania State Police are to receive a copy of the application/record of sale. Additionally, nothing in the language of Section 6111(b)(1) remotely suggests that the Pennsylvania State Police are prohibited from retaining the applications/records of sale for purposes of maintaining a database of handgun sales.

In contrast, Section 6111(b)(1.1)(v) sets forth an express prohibition on retaining applications/records of firearm sales and states:

Unless it has been discovered pursuant to a criminal history, juvenile delinquency and mental health records background check that the potential purchaser or transferee is prohibited from possessing a firearm pursuant to section 6105 (relating to persons not to possess, use, manufacture,

control, sell or transfer firearms), no information on the application/record of sale provided pursuant to this subsection shall be retained as precluded by section 6111.4 (relating to registration of firearms) by the Pennsylvania State Police either through retention of the application/record of sale or by entering the information into a computer, and, further, an application/record of sale received by the Pennsylvania State Police pursuant to this subsection shall be destroyed within 72 hours of the completion of the criminal history, juvenile delinquency and mental health records background check.

18 Pa.C.S. § 6111(b)(1.1)(v). Read in isolation, Section 6111(b)(1.1)(v) would support appellants' argument that the Commonwealth cannot, consistently with the Firearms Act, maintain its database of handgun sales through the use of the applications/records of sale forwarded to the Pennsylvania State Police. However, when the Firearms Act is considered as a whole, it is readily apparent that Section 6111(b)(1) applies only to handguns while Section 6111(b)(1.1) is limited to long guns. As a result, the Pennsylvania State Police are not in violation of Section 6111(b)(1.1)(v) by maintaining a database of handgun sales.

Although neither Section 6111(b) nor Section 6111(b)(1.1)(v) specifically states that it exclusively applies to handguns or long guns, respectively, the references within the Sections as well as the context of surrounding sections compels this conclusion. First, Section 6111(b) states that an application/record of sale must be executed, with the original being sent to the Pennsylvania State Police, "[f]or purposes of [purchasing] a firearm as defined in Section 6102." Section 6102 of the Firearms Act defines "firearm" as follows:

Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring the muzzle of the barrel to the

face of the closed action, bolt or cylinder, whichever is applicable.

18 Pa.C.S. § 6102. Thus, Section 6102 defines firearms primarily as handguns (and also as shorter rifles and shotguns) and, accordingly, Section 6111(b)(1) requires firearm dealers to send the original application/record of sale of a handgun to the Pennsylvania State Police.

While it is clear that Section 6111(b)(1) requires that applications/records of sale of handguns be forwarded to the Pennsylvania State Police, the next inquiry is whether Section 6111(b)(1.1)(v) requires the Pennsylvania State Police to destroy the records within 72 hours of the completion of the background check. Section 6111(b)(1.1) provides as follows:

(1.1) On the date of publication in the Pennsylvania Bulletin of a notice by the Pennsylvania State Police that the instantaneous records check has been implemented, all of the following shall apply:

(i) In the event of an electronic failure under section 6111.1(b)(2) (relating to Pennsylvania State Police) for purposes of a firearm **which exceeds the barrel and related lengths set forth in section 6102**, obtained a completed application/record of sale from the potential buyer or transferee to be filled out in triplicate, the original copy to be sent to the Pennsylvania State Police, postmarked via first class mail, within 14 days of sale, one copy to be retained by the licensed importer, licensed manufacturer or licensed dealer for a period of 20 years and one copy to be provided to the purchaser or transferee.

(ii) The form of the application/record of sale shall be no more than one page in length and shall be promulgated by the Pennsylvania State Police and provided by the licensed importer, licensed manufacturer or licensed dealer.

(iii) For purposes of conducting the criminal history, juvenile delinquency and mental health records background check which shall be completed within ten days of receipt

of the information from the dealer, the application/record of sale shall include the name, address, birthdate, gender, race, physical description and Social Security number of the purchaser or transferee and the date of application.

(iv) No information regarding the type of firearm need be included other than an indication that the firearm exceeds the barrel lengths set forth in section 6102.

(v) Unless it has been discovered pursuant to a criminal history, juvenile delinquency and mental health records background check that the potential purchaser or transferee is prohibited from possessing a firearm pursuant to section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms), no information on the application/record of sale provided pursuant to this subsection shall be retained as precluded by section 6111.4 (relating to registration of firearms) by the Pennsylvania State Police either through retention of the application/record of sale or by entering the information onto a computer, and, further, an application/record of sale received by the Pennsylvania State Police **pursuant to this subsection** shall be destroyed within 72 hours of the completion of the criminal history, juvenile delinquency and mental health records background check.

18 Pa.C.S. § 6111(b)(1.1) (emphasis added).

As the highlighted language indicates, Section 6111(b)(1.1)(v) limits its requirement that applications/records of sale be destroyed to those applications/records of sale that are received "pursuant to this subsection." [5] Although subsec-

5. Appellants dispute the Commonwealth and Amici's construction of the word "subsection" as used in Section 6111(b)(1.1)(v). Appellants argue that the term does not refer narrowly to Section 6111(b)(1.1), but rather refers to Section 6111 in *toto*. *See* Brief of Appellants at 24 (citing 1 Pa.C.S. § 301(c)). Viewed in this light, appellants claim the "subsection" reference spells out the duties of firearms dealers, including those who sell handguns, to transmit applications/records of sale to the State Police. This argument is not persuasive. When examining Section 6111(b), it is clear that Section 6111(b)(1.1) is independent of, and not a subpart to, Section 6111(b)(1). It is also clear that Section 6111(b)(1.1)(v) is a subpart of Section 6111(b)(1.1). Thus, rather than being a subsection of Section 6111 in *toto*, as argued by appellants,

tion (v) does not specifically state that it applies to long guns, when read in context with Section 6111(b)(1.1) as a whole, it is clear that its application is limited to long guns. For example, Section 6111(b)(1.1)(i) explicitly states that it applies "for purposes of a firearm which exceeds the barrel and related lengths set forth in section 6102." Further, Section 6111(b)(1.1)(iv) also specifically refers to firearms that "exceed the barrel lengths set forth in section 6102."

This interpretation is further supported by the fact that, under normal circumstances, the Firearms Act provides that "no application/record of sale shall be completed for the purchase or transfer of a firearm which exceeds the barrel lengths set forth in section 6102." 18 Pa.C.S. § 6111(b)(1.4). In fact, Section 6111(b)(1.1)(i) specifically states that an application/record of sale for a long gun need only be executed in the event of an electronic failure, and then goes on to state the requirement that such application/record of sale be filled out in triplicate with a copy sent to the Pennsylvania State Police. *Id.* Thus, Section 6111(b)(1.1) only applies in the circumstance of an electronic failure, where an instantaneous background check cannot be performed for the sale of a long gun. It is only under these unique circumstances that an application/record of sale must be executed for the purchase of a long gun. No doubt, it is the fact that the requirement to execute such application/record of sale is unusual which led the General Assembly to provide in Section 6111(b)(1.1)(v) that the Pennsylvania State Police destroy the application/record of sale within 72 hours of completion of the background check.

Additionally, that Section 6111(b)(1.1) only applies to long guns is supported by the fact that a contrary reading applying the Section to both handguns and long guns would not give Sections 6111(b)(1) and 6111(b)(1.1) their full effect as required by the Statutory Construction Act. *See* 1 Pa.C.S.1922(2) ("the General Assembly intends the entire statute to be effective and certain"). Reading Section 6111(b)(1) and Section 6111(b)(1.1) together, and seeking to give full effect to both

Section 6111(b)(1.1)(v) is a "subsection" of Section 6111(b)(1.1), "as ... required for clarity of expression." 1 Pa.C.S. § 301(c).

sections, makes it clear that Section 6111(b) governs handguns and Section 6111(b)(1.1) governs long guns. Both sections contain these same requirements: (1) the application/record of sale must be filled out in triplicate with the original sent to the Pennsylvania State Police and copies being retained by the dealer and the purchaser; (2) the application/record of sale cannot exceed one page; and (3) the application/record of sale must contain the name, address, birthdate, gender, race, physical description and social security number of the purchaser. The difference between the two sections consists of the fact that applications/records of sale of long guns are more restricted in that: (1) they only need to be submitted for cases where the electronic background check has failed, 18 Pa.C.S. 6111(b)(1.1)(i); (2) they do not need to specify the type of firearm, 18 Pa.C.S. § 6111(b)(1.1)(iv); and (3) the records which are forwarded must be destroyed by the Pennsylvania State Police, 18 Pa.C.S. § 6111(b)(1.1)(v). The only parts of Section 6111(b)(1.1) that specifically refer to the length of the firearm are Section 6111(b)(1.1)(i)—stating the purpose for filling out an application/record of sale—and Section 6111(b)(1.1)(iv)—stating that no information regarding the type of firearm need be included.

If Section 6111(b)(1.1)(v) were meant to apply to both handguns and long guns, as appellants argue, it would result in the other subparts of Section 6111(b)(1.1), which do not specifically refer to the length of the firearm, to also be read with respect to both handguns and long guns. Such an interpretation would result in duplicate requirements which would render Sections 6111(b)(1.1)(ii) and (iii) meaningless, and not give full effect to the plain language of both Sections. We will not engage in such a reading. *See* 1 Pa.C.S. § 1922(2); *see also, e.g., In re Canvass of Absentee Ballots,* 577 Pa. 231, 843 A.2d 1223, 1232 (2004) (interpretation of statute rendering it meaningless is absurd). "Because the legislature is presumed to have intended to avoid mere surplusage, every word, sentence, and provision of a statute must be given effect." *Independent Oil and Gas Assn. v. Board of Assessment,* 572 Pa. 240, 814 A.2d 180, 183 (2002) (quoting

*Unionville–Chadds Ford School District v. Chester County Board of Assessment Appeals,* 692 A.2d 1136, 1143 (Pa. Cmwlth.1997), *aff'd,* 552 Pa. 212, 714 A.2d 397 (1998)). Hence, examining the entirety of these related statutory provisions, it is clear that the language "[f]or purposes of this subsection" in Section 6111(b)(1.1)(v) is meant to refer to Section 6111(b)(1.1). Therefore, the Pennsylvania State Police are only required to destroy applications/records of sale that have been submitted for long guns when the electronic background check has failed.

Moreover, there is no language in Section 6111(b)(1)—which specifically applies to handguns—requiring the Pennsylvania State Police to destroy applications/records of sale for handguns. Had the General Assembly intended handgun applications/records of sale also to be destroyed, it could easily have placed such a mandate in Section 6111(b)(1). Accordingly, as a matter of statutory interpretation, we hold that the Commonwealth's maintenance of the database of handgun sales is not prohibited under Section 6111(b)(1.1)(v).

 Appellants next argue that the Commonwealth's maintenance of the database of handgun sales is independently prohibited by the broad language of 18 Pa.C.S. § 6111.4, which provides:

Notwithstanding any section of this chapter to the contrary, nothing in this chapter shall be construed to allow any government or law enforcement agency or any agent thereof to create, maintain or operate any registry of firearm ownership within this Commonwealth. For the purposes of this section only, the term **"firearm"** shall include any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon.

18 Pa.C.S. § 6111.4 (bold in original, underline added).

Appellants claim that Section 6111.4 is unambiguous, and that the plain language of this provision makes clear that the database maintained by the Pennsylvania State Police is a prohibited "registry of firearm ownership." Appellants sub-

mit that the Commonwealth Court erred in concluding that the database does not fall under Section 6111.4's prohibition merely because it is not a complete or exclusive record of all handgun ownership in the Commonwealth. In this respect, appellants rely on Judge Friedman's concurring and dissenting opinion, which noted:

[S]ection 6111.4 of the Firearms Act prohibits "any" registry, and a partial registry of firearm ownership is still a registry of firearm ownership. By ignoring the word "any" in its analysis of section 6111.4, the majority has transformed the phrase "**any** registry of firearm ownership" into "**a complete** registry of firearm ownership." I cannot accept such a re-writing of the statute.

*Allegheny County Sportsmen's League v. Ridge,* 790 A.2d at 363 n. 3 (Friedman, J., concurring and dissenting) (emphasis in original). Appellants finally argue that because the language in Section 6111.4 is unambiguous, the Commonwealth Court majority erred in referencing the legislative history surrounding the enactment of the Firearms Act. Appellants also claim that the majority further erred by considering only the legislative history of a single legislator, which did not demonstrate the intent of the legislative body as a whole in enacting the Firearms Act.

In response, the Commonwealth argues that appellants misinterpret the meaning of Section 6111.4. The Commonwealth submits that the Pennsylvania State Police do not maintain a registry of firearm *ownership,* because the database merely contains records of *sales* of handguns in the state. The Commonwealth notes that there are many firearms which are owned and transferred in Pennsylvania but which would not find their way into the database—*i.e.,* handguns owned by persons who buy them elsewhere and move into Pennsylvania, firearms which are transferred between spouses, parents and children, or grandparents and grandchildren, and all long guns. Therefore, the Commonwealth argues, the database is not a "registry of firearm ownership" and is not prohibited under Section 6111.4.

The Commonwealth further notes that the legislative history concerning both Section 6111(b)(1.1) and Section 6111.4 support its position. The Commonwealth submits that the legislative history demonstrates that the intent behind the amendments to the Firearms Act was not to prevent the Pennsylvania State Police from maintaining the database of handgun sales. The Commonwealth finally argues that the Pennsylvania State Police's interpretation of the Firearms Act, which it administers, is entitled to strong deference and should only be disregarded when such construction is clearly erroneous. *See* Brief of the Commonwealth, at 14 (citing *Scanlon v. Department of Public Welfare*, 739 A.2d 635, 638 (Pa.Cmwlth.1999)).

In the absence of a specific statutory definition, words and phrases are to be construed according to their common and approved usage. *See* 1 Pa.C.S. § 1903. Additionally, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). However, if "the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:"

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c).[6]

Section 6111.4 of the Firearms act prohibits the creation, maintenance and operation of "any registry of firearm owner-

6. We are aware that the Act is entitled the *"Uniform"* Firearms Act, and Section 1927 of the Statutory Construction Act addresses uniform acts:

ship." 18 Pa.C.S. § 6111.4. The Firearms Act, however, fails to define "registry of firearm ownership." Thus, this Court must determine if the database of handgun sales that has been maintained by the Pennsylvania State Police for decades and is used not only to help solve crimes but also to return lost or stolen handguns to their rightful owners, *see* 18 Pa.C.S. § 6111.1(b)(4), is a prohibited "registry of firearm ownership." We are satisfied that the database is not a prohibited registry and, therefore, it is properly maintained by the Pennsylvania State Police.

The plain definition of "registry" is "an official record or list; register." *Webster's New World Dictionary* (2nd College Edition), p. 1197 (1986). The database maintained by the Pennsylvania State Police is an official record and, as noted by the Commonwealth Court, does appear to resemble a "registry." *See Allegheny County Sportsmen's League v. Ridge,* 790 A.2d at 360. However, Section 6111.4 only prohibits a registry of *ownership* and, therefore, the dispositive issue is what is being registered by the Pennsylvania State Police— *i.e.,* whether the database is a record of firearm ownership or of something else. The Firearms Act does not define ownership, but the common definition is: "the state of fact of being an owner; legal right of possession." *Webster's New World Dictionary* (2nd College Edition), p. 1016 (1986). Additionally, the term "own" is defined as "to possess; hold as personal property." *Id.,* at p. 1015. In examining the contents of the Pennsylvania State Police's database, it becomes clear that,

Statutes uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them.

1 Pa.C.S. § 1927. Despite its title, the Uniform Firearms Act is not a uniform act in the sense which is governed by Section 1927. Although other states certainly have enacted laws regulating the ownership of guns, the language of the Pennsylvania Uniform Firearms Act is not part of a uniform enactment among several states. Rather, it seems the word "uniform" refers to the law being uniform throughout the Commonwealth of Pennsylvania. Indeed, the Official Comment to the Act states that the offenses listed generally do not conform to the pattern of the Model Penal Code, but for the most part represent existing Pennsylvania law.

although the database may be a registry, it is not a registry of firearm *ownership.*

It is undisputed that the database at issue is not a registry of ownership, but rather, merely reflects the applications/records of sale for handgun purchases that occur in Pennsylvania. The database does not maintain a record of all firearms owned by Pennsylvanians, which would include long guns, or firearms that are owned by Pennsylvanians, but not purchased in the Commonwealth. Additionally, the database of handgun sales does not include handguns that are transferred between spouses, parents and children, and grandparents and grandchildren. *See* 18 Pa.C.S. § 6111(c). Nor is the database a survey of existing ownership. The database maintained by the Commonwealth merely contains information regarding the sales of handguns in the Commonwealth. Such a database does not amount to a "registry of firearm ownership" as prohibited by the Firearms Act.

Appellants forward the slippery slope argument articulated by the responsive opinion below, and argue that this is a distinction without a difference. In their view, the fact that the database is not a complete registry of firearm ownership does not change its essential nature as a registry of firearm ownership and it therefore should be deemed prohibited by Section 6111.4. Additionally, appellants argue that a person who purchases a handgun automatically becomes its owner, and therefore the application/record of sale retained by the Pennsylvania State Police and placed in its database creates a registry defined by ownership. *See* Brief of Appellant, at 22. However, as noted, the limited nature of the Pennsylvania State Police's database makes it clear that the database does not purport to track the owners of handguns, but merely records the last reported purchases of handguns. Although, in many cases, a purchaser becomes and remains the owner, there are instances where a purchaser does not maintain possession. For example, a man may purchase a handgun and fill out the application/registration of sale, which is then forwarded to the Pennsylvania State Police and placed in the database. That man could have purchased the handgun as a

gift for his wife or child and may legally transfer the handgun to his spouse or child without any obligation to correct or update the information on the application/record of sale. *See* 18 Pa.C.S. § 6111(c). In that instance, the owner, *i.e.* the person in control of the handgun, is the spouse or child, and that person is not included in the Pennsylvania State Police's database, which only retains a record of the purchase.[7] Accordingly, we remain no less persuaded that the database maintained by the Pennsylvania State Police is merely a record of handgun *sales* and does not qualify as a "registry of firearm *ownership*" as prohibited by Section 6111.4.

Appellants argue, however, that the language in Section 6111(b)(1.1)(v) is inconsistent with an interpretation that Section 6111.4 does not prohibit the Pennsylvania State Police from maintaining the database of handgun sales. Appellants further rely on Judge Friedman's opinion below, which opined that "section 6111.1(b)(1.1)(v) of the Firearms Act specifically states that the retention of the 'record of sale . . . is precluded by 6111.4.' Thus the statute itself makes clear that the record of 'sale' is the record of 'ownership.' " *Id.* at 363 n. 4 (citing 18 Pa.C.S. § 6111(b)(1.1)(v)).

The Amici address this point by submitting that appellants have misconstrued the language in Section 6111(b)(1.1)(v). Rather than Section 6111(b)(1.1)(v) stating that the retention of a "record of sale . . . *is* precluded by Section 6111.4," the actual language of Section 6111.4 states that "no information on the application/record of sale provided pursuant to this

7. Although an application/record of sale does not need to be executed and sent to the Pennsylvania State Police for transfers of firearms between spouses, parents and children and grandparents and grandchildren, the person receiving the firearm is not exempt from other provisions of the Firearms Act, including, but not limited to, the requirements necessary for a license to carry firearms. *See* 18 Pa.C.S. § 6109. Notably, this exception is consistent with the Pennsylvania State Police's non-ownership-registry purpose in maintaining the database, *i.e.*, to assist in criminal investigations and in returning guns to their lawful owners pursuant to Section 6111.1(b)(4). Thus, if a handgun were involved in a criminal investigation or misplaced by the owner, the Pennsylvania State Police could contact the purchaser of the gun, who could quickly and easily lead the State Police to the member of his family who owns the handgun after any transfer.

subsection shall be retained *as* precluded by section 6111.4 (relating to registration of firearms) by the Pennsylvania State Police either through retention of the application/record of sale or by entering the information on the computer." *See* Brief of Amici, at 19–20 (quoting 18 Pa.C.S. § 6111(b)(1.1)(v) (emphasis added)).

The Amici's argument has force. The language in Section 6111(b)(1.1)(v) does not prohibit the retention of the applications/records of sale in all circumstances. Rather, it prohibits the retention of the applications/records of sale in a manner that would be precluded by Section 6111.4, *i.e.*, in a registry of firearm ownership. Thus, the applications/records of sale cannot be used to establish a registry of firearm ownership, *i.e.*, a registry that tracks individuals who have possession and control over firearms. For the reasons above stated, since we have concluded that the database is not a registry of firearm ownership, the Pennsylvania State Police are not precluded from maintaining the applications/records of sale for the database of handgun sales. The Pennsylvania State Polices creation and maintenance of such a database of handgun sales does not violate Section 6111.4 of the Firearms Act. Accordingly, appellants have failed to state a claim upon which relief can be granted and the Commonwealth Court correctly sustained the Commonwealth's preliminary objection in the nature of a demurrer.

Appellants' second claim on appeal is that the Commonwealth Court erred in sustaining the Commonwealth's preliminary objection and dismissing their claim because it misapplied the standard of review governing disposition of cases at the preliminary objection stage. Appellants claim that, rather than restricting its factual inquiry to the facts pleaded in the Complaint, the Commonwealth Court exceeded its scope of review by considering allegations outside the pleadings and making factual findings that appellants, as the nonmoving party, did not have an opportunity to rebut. Appellants further argue that the Commonwealth Court erred in examining the legislative history of Section 6111.4.

In response, the Commonwealth argues that the Commonwealth Court did not exceed its scope of review by making factual findings, and permissibly took into account relevant legislative history in interpreting the Act. Additionally, the Commonwealth notes that a Pennsylvania court may take into account the practical consequences of an Act when interpreting its meaning. *See* Brief of the Commonwealth, at 15. Furthermore, the Commonwealth asserts that the Commonwealth Court properly relied on facts from the preliminary injunction hearing because appellants were represented by counsel and counsel had an opportunity to cross-examine the Commonwealth witnesses and the court can permissibly take notice of the facts developed at the hearing. *See id.* (citing *Public Opinion v. Chambersburg Area School District*, 654 A.2d 284, 286–87 (Pa.Cmwlth.1995)).

It is clear that the Commonwealth Court did not exceed its scope of review. The Commonwealth Court did not engage in any additional fact-finding, but rather interpreted the dispositive statute by considering, among other things, the relevant legislative history. *See Allegheny County Sportsmen's League v. Ridge*, 790 A.2d at 359–61. In their brief, appellants quote the following portion of the Commonwealth Court's opinion and claim that this excerpt proves that the Commonwealth Court erred by considering allegations outside the pleadings:

> As suggested by the Commonwealth, the purpose [of the handgun registry] is to enable the State Police to maintain a record of sales for law enforcement purposes in the event handguns are utilized in the commission of crimes.
>
> \* \* \*
>
> This purpose is also consistent with ... [the duty of the state police] to make all reasonable efforts to determine the lawful owner of any firearm confiscated by the State Police and return the firearm to its lawful owner.
>
> \* \* \*

> To conclude otherwise would ... certainly impede the
> ability of the State Police's (sic) to return confiscated
> firearms to their lawful owners.

Brief of Appellants, at 25 (citing *Allegheny County Sports-men's League v. Ridge,* 790 A.2d at 359 (emphasis supplied)). But, in citing this excerpt, appellants omit citations and references to another part of the Firearms Act. When examining this portion of the Commonwealth Court's opinion in its entirety, it becomes clear that, rather than making factual determinations regarding the Pennsylvania State Police's use of the database, the Commonwealth Court was merely interpreting the Firearms Act by considering the effect of another statute, to wit 18 Pa.C.S. § 6111.1(b)(4), on the statute at issue.

As noted above, in interpreting a statute, the intent of the General Assembly may be ascertained by considering, among other matters: "other statutes upon the same or similar subjects;" "the consequences of a particular interpretation;" and "[t]he contemporaneous legislative history." 1 Pa. C.S. § 1921(c)(5)–(7). Furthermore, the proper construction of a statute is resolvable by a court as a matter of law. In noting the purpose of the database of handgun sales—*i.e.* to, at least in part, comply with Section 6111.4 of the Firearms Act—and the legislative history behind the Firearms Act, the Commonwealth Court was merely interpreting the statutory provisions before them by utilizing settled rules of statutory construction. The Commonwealth Court did not engage in improper factual determinations when it granted the Commonwealth's preliminary objections and dismissed appellants' complaint.

In conclusion, the Commonwealth Court did not exceed its scope of review and correctly sustained the Commonwealth's preliminary objection in the nature of a demurrer. The database of handgun sales maintained by the Pennsylvania State Police does not violate the provisions of the Firearms Act and, as a result, appellants have failed to state a claim upon which relief could be granted. Accordingly, we affirm the dismissal of appellants' Complaint in Equity.

Justice SAYLOR did not participate in the consideration or decision of this case.

Former Justice LAMB did not participate in the decision of this case.

Justice NIGRO files a concurring and dissenting opinion in which Justice NEWMAN joins.

Justice NIGRO concurring and dissenting.

I agree with the majority that the Pennsylvania State Police's database of handgun sales is not barred by section 6111(b)(1.1)(v) of the Uniform Firearms Act (the "Act") because that section only prohibits the police from maintaining applications or records of sales of long guns. *See* 18 Pa.C.S. § 6111(b)(1.1)(v). However, I cannot agree with the majority that the police database is likewise not barred by section 6111.4 of the Act. *See id.* § 6111.4. Indeed, section 6111.4 explicitly bars the police from maintaining *"any"* registry of firearm ownership, and thus, clearly prohibits the police from maintaining all kinds of registries of firearm ownership, whether those registries are complete or incomplete. *See id.* (emphasis added); *Allegheny County Sportsmen's League v. Ridge,* 790 A.2d 350, 363 n. 3 (Pa.Commw.2002) (Friedman, J., concurring and dissenting). As such, even though the database at issue here does not include every person in Pennsylvania who owns a handgun, because it only tracks sales from authorized Pennsylvania dealers, it nevertheless violates section 6111.4 by keeping a partial record of handgun ownership insofar as it records those persons who either own or used to own a handgun that they purchased from a Pennsylvania dealer. Thus, although I can appreciate the benefits of maintaining a database concerning handgun sales in this Commonwealth, I am nevertheless compelled to conclude that the General Assembly has explicitly prohibited the police from keeping such records. *See* 18 Pa.C.S. § 6111.4; 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free

from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

Justice NEWMAN joins this concurring and dissenting opinion.