**Richard G. SCHMIDT, M.D., Appellant**

v.

**DEUTSCH LARRIMORE FARNISH & ANDERSON, LLP and Dale P. Larrimore, Esquire; Martin Banks Pond Lehocky Wilson and Samuel H. Pond, Esquire Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 1, 2005.

Filed June 6, 2005.

Jonathan J. Bart, Philadelphia, for appellant.

Rex F. Brien, Philadelphia, for Pond, appellee.

Susan Danielski, Philadelphia, for Deutsch, appellee.

Before: KLEIN, McCAFFERY[*] and BECK, JJ.

BECK, J.

¶ 1 This is an appeal from the order of the trial court granting appellees' preliminary objections and dismissing appellant's complaint with prejudice. We affirm.

¶ 2 Appellant is an orthopedic surgeon and appellees are attorneys and law firms who represent plaintiffs in workers' compensation cases. In October of 2003, appellant was an expert witness for a defendant in an unrelated action brought by appellees on behalf of their client. In the course of appellant's deposition in that matter, appellees cross-examined appellant about his 1997 arrest for assault and possession of an instrument of crime in connection with a roadway confrontation. Appellees presented appellant with the criminal complaint from the 1997 case and questioned appellant regarding his conduct on the date in question.

¶ 3 Appellant thereafter filed a civil action against appellees, alleging a violation of the Criminal History Records Information Act, 18 Pa.C.S.A. §§ 9101–83 (CHRIA or the Act) as well as a violation of privacy. Appellant sought an injunction to prevent appellees from further use and dissemination of the criminal complaint and also sought damages in excess of $1,000,000. Appellees responded by filing preliminary

[*] McCaffery, J. did not participate in the consideration or decision of this case.

objections in the form of a demurrer, asserting that appellant failed to state a claim upon which relief could be granted. The trial court granted appellees' preliminary objections and dismissed appellant's complaint with prejudice. This timely appeal followed.

¶ 4 We begin with the legal standards that are employed when a matter is dismissed on preliminary objections. In ruling on preliminary objections in the nature of a demurrer, the trial court may consider no testimony or evidence outside of the complaint. *Mellon Bank, N.A. v. Fabinyi,* 437 Pa.Super. 559, 650 A.2d 895, 899 (1994). All well-pleaded, material, relevant facts, along with all reasonable inferences therefrom, must be taken as true; *i.e.,* the court may not consider the factual merits of the claims. *Id.; In re Adoption of S.P.T.,* 783 A.2d 779, 782 (Pa.Super.2001). The question to be resolved in a demurrer is purely legal: is it certain from the face of the complaint that the claims will not support recovery under any legal theory? *Mellon Bank, supra* at 899; *Eckell v. Wilson,* 409 Pa.Super. 132, 597 A.2d 696, 697–98 (1991), *appeal denied,* 530 Pa. 643, 607 A.2d 253 (1992).

¶ 5 The appellate standard of review of an order sustaining a demurrer is the same standard that the trial court employs. *Eckell, supra* at 697–98. We must determine whether the pled facts "clearly and without a doubt fail to state a claim for which relief may be granted" under any theory of law. *Willet v. Pennsylvania Medical Catastrophe Loss Fund,* 549 Pa. 613, 619, 702 A.2d 850, 853 (1997) (quoting *County of Allegheny v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985)). Since the issue presented in a demurrer is a question of law, our scope of review is plenary. *Allegheny County Sportsmen's League v. Rendell,* 580 Pa. 149, 860 A.2d 10, 13 (2004); *Mistick, Inc.*

*v. Northwestern National Casualty Co.,* 806 A.2d 39, 42 (Pa.Super.2002).

¶ 6 We address first appellant's claim that the trial court erred in finding that no right of action existed under the CHRIA. The trial court concluded that the Act applies only to the dissemination of criminal information between criminal and non-criminal agencies. As a result, appellees' status as private law firms/lawyers precluded them from being sued under the Act. Appellant responds by claiming that the Act plainly permits lawsuits against individuals at § 9183, which provides:

(a) Injunctions.—The Attorney General or any other individual or agency may institute an action in a court of proper jurisdiction against any person, agency, or organization to enjoin any criminal justice agency, noncriminal justice agency, organization or individual violating the provisions of this chapter or to compel such agency, organization or person to comply with the provisions of this chapter.

(b) Action for damages.—

(1) Any person aggrieved by a violation of this chapter or of the rules and regulations promulgated under this chapter, shall have the substantive right to bring an action for damages by reason of such violation in a court of competent jurisdiction.

(2) Any person found by the court to have been aggrieved by a violation of this chapter or the rules and regulations promulgated under this chapter, shall be entitled to actual and real damages of not less than $100 for each violation and to reasonable costs of litigation and attorney's fees. Exemplary and punitive damages of not less than $1,000 nor more than $10,000 shall be imposed for any violation under this chapter, or the rules and reg-

ulations adopted under this chapter, found to be willful.

18 Pa.C.S.A. § 9183.

¶ 7 We agree with appellant that the Act clearly provides for civil actions against criminal and non-criminal agencies as well as individuals; the language excerpted above makes that clear. And while we cannot say with certainty that the trial court properly found that the Act applies only to the conduct of criminal and non-criminal agencies, we conclude that appellant's complaint nonetheless fails to set forth a claim under the Act.

¶ 8 In alleging that appellees violated the terms of the CHRIA, appellant, at a minimum, was required to assert what provision of the Act appellees breached. Our thorough review of appellant's complaint and his response to preliminary objections leads us to conclude that appellant has not, and indeed cannot, point to any provision of the Act that appellees are alleged to have violated.

¶ 9 The CHRIA sets out rules and standards for a variety of actions in connection with criminal history record information, including methods for completeness and accuracy of criminal history records (§§ 9111–14), dissemination of records by criminal justice agencies to other criminal justice agencies, noncriminal justice agencies and individuals (§ 9121), the manner in which expungements are to occur both in criminal proceedings (§ 9122) and in juvenile proceedings (§ 9123), the use of criminal records by licensing agencies (§ 9124) and employers (§ 9125), and an individual's right of access and review to his or her own criminal history record information (§§ 9151–53).[1]

¶ 10 None of the subsections noted above apply to the conduct complained of in this case. That appellant is unable to refer to any particular provision of the Act as a basis for his claim is clear from a reading of his complaint. In it, he relies on § 9121, which sets out the methods by which criminal history record information is disseminated by criminal justice agencies, and § 9122, which sets out the manner in which expungements, accomplished by the courts, are to occur. The only other provision of the Act appellant mentions in his complaint is § 9102, the section of the Act that defines, among other terms, the word "expunge."[2] Not one of these sections supports appellant's claim that appellees violated the Act.

¶ 11 We find that the trial court did not err in concluding that appellant's complaint would not support recovery under the CHRIA. Appellant failed to assert a claim for relief under any subsection of the Act and, further, there appears to be no provision of the Act upon which appellant can rely.

■ ¶ 12 We address next appellant's claim that the trial court improperly granted appellees' preliminary objections to his claim for violation of his right to privacy. In order to assert a valid privacy claim,

1. The Act further sets out rules addressing security requirements for records repositories (§ 9131), audits (§§ 9141–43) and the power and authority of the attorney general in connection with compiling and maintaining criminal records (§ 9161).

2. The statutory definition of the term expunge is: "(1) To remove information so that there is no trace or indication that such information existed; (2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or (3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to expungement), when an individual has successfully completed the conditions of any pretrial or posttrial diversion or probation program." 18 Pa.C.S.A. § 9102.

appellant was required to allege, among other things, that appellees intruded upon his seclusion by making a private matter public. *Pro Golf Mfg., Inc., v. Tribune Review Newspaper Co.,* 570 Pa. 242, 809 A.2d 243, 247 (2002). Here, the claimed private matter is appellant's arrest. The trial court held that the arrest was not a private fact and so could not be the basis for a violation of privacy claim. We agree.

¶ 13 Appellant insists that his arrest is a private fact because his criminal record in connection with the arrest was expunged pursuant to the CHRIA. However, the Act explicitly recognizes that documents and records "prepared or maintained by *or filed in* any court of this Commonwealth, including but not limited to the minor judiciary" are not subject to the restrictions of the Act. 18 Pa.C.S.A. § 9104(a)(2) (emphasis supplied). The documents at issue in this case were filed in a magisterial district court in Delaware County.[3] And so, while the formal criminal history record information that is compiled by state criminal justice agencies indeed constitutes private facts, the fact of an arrest, recorded in a court of this Commonwealth, does not. *Compare Hull v. Pennsylvania State Police,* 768 A.2d 909 (Pa.Commw.2001) (noting that an individual's criminal history record is not a public record because members of the public do not have free access to it pursuant to the CHRIA) *with Fraternal Order of Police v. City of Philadelphia,* 812 F.2d 105, 117 n. 8 (3d Cir.1987) (noting that § 9104 of the CHRIA allows even expunged arrest information to remain on court dockets and police blotters, therefore, such information is not removed from the public record as a result of expungement). *See also Puricelli v. Borough of Morrisville,* 820 F.Supp. 908 (E.D.Pa.1993) (recognizing that under the CHRIA, "even where an arrest record has been expunged, it still remains on court records and in police blotters, and, it never truly is removed from the public record, thus it is not entitled to privacy protection").

¶ 14 Because we agree with the trial court that the fact of appellant's 1997 arrest is not a private fact, we are compelled to affirm the court's grant of preliminary objections to this claim. As a result of our analysis, we need not consider the alternative reasons the trial court granted appellees relief in this case.[4]

¶ 15 Because the trial court did not err in concluding that appellant's complaint failed to state a claim upon which relief could be granted, its order granting appellees' preliminary objections and dismissing the matter with prejudice must be affirmed.

¶ 16 Order affirmed.

---

3. The documents were attached to appellant's complaint.

4. The trial court also held that because the facts surrounding appellant's arrest were published in the Philadelphia Inquirer, they were not private facts. Further, the court held that appellees had not made the fact of the arrest "public" because they did not reveal the fact to the "public at large." We offer no comment on these alternative holdings nor do we address appellees' arguments for affirmance based on appellant's failure to allege that appellees were even aware of the expungement.